PROB 12C
(6/16)

Report Date: October 30, 2026

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2026

SEAN F. MCAVOY, CLERK

ECF No. 38

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Shane Keaton Agard — Case Number: 0980 4:26CR06001-MKD-1

Address of Offender: [redacted] Toppenish, Washington 98948

Name of Sentencing Judicial Officer: The Honorable Daniel M. Traynor, U.S. District Judge

Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. District Judge

Date of Original Sentence: January 23, 2023

Original Offense: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846

Original Sentence: Prison - 46 months
TSR - 36 months

Type of Supervision: Supervised Release

Asst. U.S. Attorney: Benjamin David Seal

Date Supervision Commenced: May 16, 2025

Defense Attorney: Britane Hubbard

Date Supervision Expires: May 15, 2028

---

## PETITIONING THE COURT

To issue a warrant and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on January 15, 2026, and July 17, 2026.

On May 16, 2025, the defendant was released from the custody of the Bureau of Prisons and commenced his term of supervised release. On May 21, 2025, the probation officer reviewed with the defendant all the conditions to which he would be subject while on supervision. He verbalized an understanding of said conditions and signed a copy of his judgment. He was further provided a copy for his reference and records.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 7 | **Special Condition #3**: You must participate in a chemical dependency treatment program as approved by the supervising probation officer.<br><br>**Supporting Evidence**: On October 29, 2026, the defendant was terminated from inpatient substance use disorder treatment. |
| 8 | **Special Condition # 1**: You must totally abstain from the use of alcohol and illegal drugs or the possession of controlled substances, as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants or psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair your physical or mental functioning. |

**Supporting Evidence**: On October 2, 2026, the defendant verbally admitted to using a controlled substance, cocaine, to the treatment counselor.

9 **Special Condition # 1**: You must totally abstain from the use of alcohol and illegal drugs or the possession of controlled substances, as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants or psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair your physical or mental functioning.

**Supporting Evidence**: On October 2, 2026, the defendant provided a urine sample at the treatment facility and the results were confirmed positive for fentanyl by laboratory.

10 **Special Condition # 1**: You must totally abstain from the use of alcohol and illegal drugs or the possession of controlled substances, as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants or psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair your physical or mental functioning.

**Supporting Evidence**: On or about October 7, 2026, the defendant verbally admitted to using a controlled substance, methamphetamine, to the treatment counselor. The defendant provided a urine sample at the treatment facility and the results were confirmed positive for methamphetamine by laboratory.

11 **Special Condition # 2**: You must submit to drug/alcohol screening at the direction of the Unites States Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive result.

**Supporting Evidence**: On or about October 23, 2026, the defendant verbally admitted to tampering with the collection process by being caught by a collection technician possessing the urine belonging to a peer.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in all future proceedings with the violations previously reported to the Court and that the Court issue a warrant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 30, 2026

s/Arturo Santana

Arturo Santana
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

M. K. Dimke

Signature of Judicial Officer

10/30/2026

Date